UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JODI BREITERMAN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CAPITOL POLICE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:16-CV-00893-TSC |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Jodi Breiterman moves to compel Defendant United States Capitol Police (USCP) to produce evidence relevant to Breiterman's claim of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-17 (2006).  Specifically, Breiterman asks this Court to compel USCP to produce documents responsive to her request for production of documents (RFPDs) No. 23; answer to interrogatories (IROGS) No. 12; and to provide a witness to testify on topic No. 15 of her 30(b)(6) notice.

## I. RELEVANT BACKGROUND

USCP suspended and demoted Breiterman, purportedly for providing a photograph to the press of a loaded weapon left by a USCP officer in a public restroom and engaging in inappropriate communications with colleagues.  Breiterman alleges that USCP violated Title VII as incorporated with respect to agencies of Congress by the Congressional Accountability Act (CAA), 2 U.S.C. §§ 1301-1438 (2006), when it discriminated and retaliated against her because of her gender, and because of protected activity in which she engaged, by treating her less

1

favorably than similarly-situated males.  Breiterman also alleges that USCP violated her freedom of speech rights under the First Amendment.

On December 5, 2016, Breiterman served her First Set of RFPDs and First Set of IROGs to USCP.  On January 4, 2017, USCP served its objections and responses to Breiterman's IROGs and RFPDs, and on May 1, 2017, supplemented its IROG answers.  *See* Exhibits A and B.  On December 9, 2016, Breiterman served her 30(b)(6) Deposition Notice to USCP, and on April 10, 2017, she served a slightly revised version of the notice. *See*  Exhibit C.

On March 20, 2017, Breiterman's counsel wrote a letter to USCP notifying them of discovery deficiencies in its interrogatory answers.  On April 3, 2017, Breiterman's counsel wrote to USCP about deficiencies in its responses to her requests for production of documents.  The majority of the discovery requests at issue concern information Breiterman seeks to support her claim of disparate treatment based on sex and protected activity under Title VII.

On April 17, 2017, Breiterman's counsel conferred with USCP's counsel regarding USCP's objections to the Breiterman's discovery requests.  USCP produced about four federal court complaints related to gender discrimination and retaliation.  USCP took the position that it would not produce any additional information in response to Breiterman's discovery requests.  USCP argued that the requested information is irrelevant and inadmissible.  The parties were unable to resolve their disputes.

On May 17, 2017, the parties participated in a telephonic conference with Judge Chutkan to discuss their discovery disputes.  During the call Judge Chutkan acknowledged that both sides had valid points – stating Breiterman's disputed requests were relevant to her claim of disparate treatment and USCP's responses were too limited; but also stating that the requests as originally

propounded cast too wide of a net.  Judge Chutkan asked the parties to meet and confer to attempt to reach agreement regarding revisions to the scope of the requests.

Following the call with Judge Chutkan, the parties exchanged correspondence and conferred as directed by Judge Chutkan.  The parties narrowed their differences but were ultimately unable fully to resolve them.  Breiterman thus files this motion.

## II.   SUMMARY OF ISSUES STILL IN DISPUTE

### a.  Complaints of misconduct.

Breiterman's original discovery requests that referred, in part, to complaints regarding "misconduct" included Interrogatory No. 12 and Document Request No. 23.  Breiterman proposed to revise the language of Interrogatory No. 12 and Document Request No. 23 to identify complaints involving specific sections (i.e., specific rules) of USCP Directive #2053.013, Rules of Conduct.  Exhibit D.   In making these revisions, Breiterman excluded many of the specific sections (rules) of USCP's Rules of Conduct.  The revised Interrogatory and Document Request are below.  Also below is a table that summarizes the sections/rules of the Directive for which USCP has agreed to produce documents.

> **REVISED INTERROGATORY No. 12**: Describe each and every complaint that the USCP initiated or received, and any related investigation, during the last five years which involved alleged violations of the following categories and sub-categories of USCP Directive #2053.013 Rules of Conduct, including the resolution of the complaint and any discipline imposed by the USCP as a result of the complaint:
>
> [See categories and sub-categories in the table below Revised RFPD No. 23; USCP's willingness to produce information and documents related to each category or sub-category is also indicated in the table below Revised RFPD No. 23.]
>
> **REVISED RFPD NO. 23:** Any documents related to any complaints that the USCP initiated or received, and any related investigations, during the last five years which involved alleged violations of the following categories and sub-categories of USCP Directive #2053.013 Rules of Conduct, including the resolution of the complaint and any discipline imposed by the USCP as a result of the complaint:

3

| Categories proposed by Plaintiff | USCP willing to produce? |
|---|---|
| **Category A - Duty to Obey** | |
| Rule A2: Conformance to laws | No |
| Rule A3: Compliance with Directives | Yes |
| Rule A6: Insubordination | No |
| Rule A7: Truthfulness | No |
| **Category B – Performance of Duty** | |
| Rule B1: Unsatisfactory Performance | No |
| Rule B2: Personal Appearance | No |
| Rule B3: Absence from Duty | No |
| Rule B4: Reporting for Duty | No |
| Rule B5: Carrying of Credentials and Identification | No |
| Rule B6: Malingering | No |
| Rule B7: Duty Post | No |
| Rule B9: Courtesy | No |
| Rule B10: Neglect of Duty | No |
| Rule B11: Use of Property and Services, and Inspection of Equipment and Facilities | No |
| Rule B13: Use of Force | No |
| Rule B14: Use of Weapons | No |
| **Category C-Detrimental Conduct** | |
| Rule C1: Conduct Unbecoming | Yes |
| Rule C2: Discrimination and/or Harassment | Yes |
| Rule C3: Possession and/or Use of Drugs or a Controlled Substance | No |
| Rule C4: Use of Alcohol | No |
| Rule C7: Improper Associations | No |
| Rule C10: Improper Remarks | Yes |
| Rule C11: Retaliation | Yes |
| **Category E - Miscellaneous** | |
| Rule E1: Abuse of Process | No |
| Rule E2: Improper intervention | Yes |
| Rule E4: Dissemination of Information | Yes |
| Rule E5: Public Statements | Yes |
| Rule E6: Public Appearances | Yes |
| Rule E7: Testimonials | No |

Additionally, Breiterman's April 10, 2017 revised 30(b)(6) deposition notice included a topic similar to the contested discovery referenced above:

**Deposition Topic No. 15.** Any formal or informal complaints of discrimination, misconduct, retaliation for protected conduct and violations of free speech, and any USCP reports or investigations regarding such complaints within the last five (5) years, whether substantiated or unsubstantiated, that any employee made to USCP, or any administrative or judicial body, either orally or in writing, about USCP or employees of USCP.

Breiterman also identified two proposals to USCP: 1) to inspect the records in person and identify records responsive to the requests; and/or 2) have USCP, as an initial step, provide Breiterman with a ledger, summary, or some sort of compilation of all actions responsive to the requests. In a letter to Breiterman, USCP said it had performed an initial inquiry into the categories of documents it agreed to produce (noted in the table above), and said that inquiry generated 350 matters.

USCP argues that Breiterman has not articulated a connection between her claims and the information sought regarding the subcategories for which USCP is not willing to provide responses; and that the scope of discovery is not limitless. Additionally, USCP says that it does not maintain any record summarizing all complaints concerning the potential violations of Rules of Conduct that Breiterman identifies. USCP also says that it cannot permit Breiterman to inspect files as the Capitol Complex is not accessible to unauthorized individuals and such inspection would not alleviate the burden of producing the materials (which are in multiple locations and in hard copy).

    b. **OIG investigations or reports**

The following is Breiterman's original discovery request asking about OIG investigations or reports:

> **RFPD No. 22:** Any documents related to any Office of Inspector General's investigation or report in the last five years regarding USCP's treatment of its employees or <u>its disciplinary practices or policies</u> regarding its employees, including any documents provided by USCP during any such OIG investigation. (Emphasis added).

Since exchanging earlier correspondence, the Capitol Board of Police has filed a Motion to Quash with this court regarding Breiterman's subpoena duces tecum to the OIG. The parties agree that the production of any documents related to RFPD 22 should be determined by the pending Motion to Quash.

### III. ARGUMENT

In bringing a motion to compel, the moving party has the initial burden of explaining how the requested information is relevant. *Jewish War Veterans of the United States of Am., Inc. v. Gates,* 506 F. Supp. 2d 30, 42 (D.D.C. 2007). Then the burden shifts to the non-moving party to explain why discovery should not be permitted. *Martinez v. Asian,* 328, LLC, No. 15-CV-1071, 2016 WL 1698261 at *2 (D.D.C. Apr. 27, 2016).

#### a. The scope of relevancy in discovery is broad and encompasses comparator evidence.

Federal Rule of Civil Procedure 26 explains the scope of discovery:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

As noted above, Federal Rule of Civil Procedure 26(b)(1) advises that the scope of relevancy in discovery is broader than evidence admissible at trial. Further, comparator evidence is admissible and, therefore, discoverable. *See Spring/United Mgmt. Co. v. Mendelsohn,* 552 U.S. 379, 386-87 (2008). Thus, USCP's relevancy objections to Breiterman's discovery responses are not appropriate in this phase of the proceedings.

### b. Breiterman's discovery requests are relevant to her claim of disparate treatment under Title VII.

Breiterman's discovery requests seek comparator evidence in support of her claim of disparate treatment based on sex under Title VII.  To establish a *prima facie* case of disparate treatment with respect to her discipline, Breiterman must demonstrate by a preponderance of evidence that (1) she is a member of a protected class; (2) the prohibited conduct in which she engaged was comparable in seriousness to misconduct of employees outside the protected class; and (3) she suffered more severe discipline for her purported misconduct as compared to those employees outside the protected class.  *Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981).

The D.C. Circuit has established that comparator evidence can be used by a Title VII to establish that an employer's proffered non-discriminatory adverse action is pretextual.  *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 495 (D.C. Cir. 2008).  Evidence that an employer treated similarly situated employees differently depending on their protected class gives rise to the inference that the plaintiff was treated less favorably because of his or her protected status.  *Id.*

Breiterman's requests directly relate to her claim of disparate treatment under Title VII as she is alleging that USCP treated her differently than it treated similarly situated employees outside her protected class.  In Breiterman's Second Amended Complaint, she alleges that many male officers commit violations of USCP policy and many of those violations go uninvestigated or unpunished, or are resolved by lesser discipline than that received by female officers.  Pl.'s Am. Compl. ¶115-116.  In Breiterman's' complaint, she provides one example of a USCP officer involved in a domestic violence incident in which the officer's girlfriend shot at him with his USCP service weapon.  The USCP officer was placed on administrative leave but returned to

duty shortly thereafter.  In contrast, USCP placed Breiterman on administrative leave for ten months and ultimately demoted her for sending a photo graph of a misplaced gun to the press. This is just one of many examples of which Breiterman has anecdotal information which arguably shows USCP treated Breiterman less favorably than those outside of her protected class; her revised requests seek information and documents to permit her to demonstrate this disparate treatment.

In general terms, Breiterman's discovery requests ask about informal and formal complaints to USCP, OIG investigations into USCP's treatment of employees, the identity of employees who have complained in a manner similar to Breiterman, employees disciplined for certain behaviors, and their gender.  The purpose of these requests is to obtain discovery from comparators referenced in the complaint and also to determine if more comparators exist. Additionally, these requests seek information as to nature of other complaints USCP has received and how it has handled them.

### i. USCP should produce discovery regarding formal and informal complaints and reports or investigations into those complaints.

In IROG No. 12, RFPD No. 23, and Deposition Topic No. 15, Breiterman asks USCP to produce information regarding formal and informal complaints that USCP received.  Breiterman limits this request to those complaints involving discrimination, misconduct, protected disclosures, and retaliation within the past five years.

In its response, USCP directs Breiterman to four complaints filed with the U.S. District Court for the District of Columbia.  These complaints involve gender discrimination and unlawful retaliation.  USCP argues that only these four complaints involve appropriate comparators to Breiterman.

USCP's responses and its narrowing of Breiterman's requests are improper. While it is true that the D.C. Circuit's factors for an appropriate comparator include similarity of plaintiff's and the comparator's job and job duties, the supervisor, and similarity of offenses, it is not necessary that comparators engage in the exact same offense. *See Wheeler v. Georgetown Univ. Hosp.,* 812 F.3d 1109, 1115–16 (D.C. Cir. 2016)(internal citations omitted). The court in *Wheeler* concluded that a jury in that case could reasonably find that the employer unfairly disciplined those outside of the plaintiff's protected class who had allegedly committed the *same class* of infraction as the Plaintiff. *Id.* at 1119. *McDonnell Douglas* reiterates this point by stating that comparators must have at least committed offenses of "comparable seriousness." *McDonnell Douglas*, 411 U.S. at 804. Thus, to the extent USCP challenges the comparability of the proffered individuals and their conduct, it can do so during or prior to trial.

### ii. USCP should identify, by gender, all employees discharged for certain behavior and the facts underlying their discipline.

IROG 14 asks USCP to identify all employees who have been discharged for discrimination, misconduct, protected disclosures, retaliation and/or free speech, the individuals responsible for that decision, and the employee's gender.

For the reasons already discussed, this information is relevant to Breiterman's claim of gender discrimination as it relates to the manner in which USCP treats other employees who have engaged in misconduct or legally protected activity. And while Breiterman argues that USCP has discriminated against her because of her gender, her complaint has broader implications. USCP asserts that it is a quasi-military agency which evenhandedly administers its rules. The requested information is important not only to show that USCP treated Breiterman unfairly, but that as an organization, through several years and various supervisors, it repeatedly failed to treat its employees fairly and consistent with anti-discrimination laws.

       **c.  The benefits of Breiterman's discovery requests outweigh any potential disadvantages.**

As mentioned above, once the moving party has established the relevance of the discovery in a motion to compel, the burden shifts to the non-moving party to explain why it should not be permitted.  *Martinez,* 2016 WL 1698261 at *2.  USCP will likely point to Fed. R. Civ. P: 26(b)(1) and argue that that Breiterman's discovery requests are not proportional to the needs of the case.

This argument fails for several reasons.  As already discussed, these requests are important to Breiterman's claim of disparate treatment due to her gender.  Because the requested discovery directly relates to a claim of the case, USCP should be compelled to produce relevant responses.  Additionally, Breiterman has already narrowed her requests – in some instances by the types of information she seeks and in most instances by applying a five-year time period.  In terms of burden and expense, USCP has refused to even identify potential comparators, let alone documents regarding those comparators.  Without this information, Breiterman cannot make proposals to assist USCP in lessening the burden and expense of her request.

The relevance and importance of this information outweighs any potential disadvantages, and thus the court should compel USCP to produce this information.

**IV.  Conclusion**

For each of the reasons set forth above, the Court should grant Breiterman's Motion to Compel.

Dated: June 28, 2017                                    Respectfully submitted,

/s/ John T. Harrington
R. Scott Oswald
DC Bar # 458859
John T. Harrington
DC Bar # 987659
The Employment Law Group, P.C.
888 17th Street, NW, 9th Floor
Washington, DC  20006
(202) 261-2830
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
tharrington@employmentlawgroup.com
*Counsel for Plaintiff Jodi Breiterman*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 28, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

                                                /s/ John T. Harrington
                                                John T. Harrington