UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JODI BREITERMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-0893 (TJK/RMM) |
| UNITED STATES CAPITOL POLICE, | ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION**

Pending before the Court is Plaintiff Jodi Breiterman's Motion to Compel [ECF No. 27], which seeks to compel the United States Capitol Police ("Defendant" or "USCP") to produce records responsive to Plaintiff's Request for Production 23, respond to Interrogatories 12 and 14,[1] and provide a witness to testify on Topic 15 of her Rule 30(b)(6) deposition notice. The District Judge previously presiding[2] over this case referred all pending and future discovery disputes to the undersigned Magistrate Judge. *See* 6/9/17 Minute Order. Having considered the parties' submissions and attachments thereto, and the arguments presented orally at the August 15, 2017, Motions Hearing, the Court GRANTS-IN-PART and DENIES-IN-PART Plaintiff's Motion to Compel.

---

[1] While neither Plaintiff's Motion to Compel nor her proposed Order expressly seeks to compel a response to Interrogatory 14, both parties addressed Interrogatory 14 when briefing the Motion to Compel [ECF No. 27]. Upon inquiry at the August 15, 2017 Motions Hearing, Plaintiff's counsel clarified that Ms. Breiterman seeks to compel a response to Interrogatory 14.
[2] This case was directly reassigned to Judge Timothy J. Kelly on September 18, 2017.

**BACKGROUND**

I.  **Factual Background**[3]

Ms. Breiterman began working at the USCP in January 2002. *See* Second Am. Compl. ¶ 11, ECF No. 17. Prior to the events at issue in this action, Ms. Breiterman worked as a Project/Management Analyst for the USCP. *See id.* ¶ 14. Ms. Breiterman assumed a new position as an Administrative Sergeant in or after 2014. *See id.* ¶ 27. The claims at issue in this case arise from two incidents in 2014 and 2015. *See id.* ¶¶ 121–49.

In 2014, Ms. Breiterman told her supervisor that she felt that female officers "had to sleep with someone to get promoted within the USCP." *See id.* ¶ 29. A married female officer complained about Ms. Breiterman's statement, and Ms. Breiterman received a two-day suspension for making an improper comment. *See id.* ¶¶ 31–33. Although Ms. Breiterman appealed her suspension, *see id.* ¶ 34, she later learned that the USCP would impose the two-day suspension, without pay. *Id.* ¶ 108.

In January 2015, a handgun was found in a public bathroom at the Capitol Visitor's Center by a congressional staffer. *See id.* ¶ 36. Upon reporting to the scene, Ms. Breiterman and other officers took photos of the handgun. *See id.* ¶¶ 37–39. The USCP later confirmed that the handgun was a USCP service weapon. *Id.* ¶ 41. Ms. Breiterman later shared her photo of the handgun with a reporter. *Id.* ¶¶ 46, 53–57. The photo was subsequently published with an article about the incident. *See id.* ¶ 58. Ms. Breiterman was not named in the article. *Id.* ¶ 60. In June 2015, Ms. Breiterman was suspended indefinitely during an investigation into the sharing of the photo. *See id.* ¶¶ 69–76. Approximately nine months later, Ms. Breiterman received and

---

[3] Given the procedural posture of the case, the Court relies on the facts alleged in the Second Amended Complaint.

2

appealed a recommendation to demote her from Sergeant to Private First Class as a result of the USCP's investigation. Second Am. Compl. ¶¶ 112–13, 119. In May 2016, the USCP denied the appeal and demoted Ms. Breiterman. *Id.* ¶ 120.

## II.     Procedural Background

Ms. Breiterman filed a Complaint against the USCP, on October 20, 2016, alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-1, and violations of her right to freedom of speech under the First Amendment. Compl., ECF No. 1. On January 9, 2017, Ms. Breiterman filed a Second Amended Complaint [ECF No. 17] alleging the same. *See* Second Am. Compl. at 1. Ms. Breiterman claims that male employees commit similar infractions to hers, yet do not receive disciplinary action. *See id.* ¶¶ 114–18. Ms. Breiterman further alleges that when she tried to address the issue of gender discrimination, she was suspended for her comments. *See id.* ¶ 138. Finally, Ms. Breiterman claims that she had a right to share the photo of the handgun because of her concern for public safety, and that the punishment she received violated her right to free speech. *See id.* ¶¶ 146–47. The USCP filed an Answer [ECF No. 20] to Ms. Breiterman's Second Amended Complaint on February 3, 2017.

On June 28, 2017, Ms. Breiterman filed a Motion to Compel seeking to compel answers to two interrogatories and a request for production, and to compel the USCP to produce a witness to testify on one Rule 30(b)(6) deposition topic. *See generally* Pl.'s Mot. to Compel, ECF No. 27. Ms. Breiterman contends that the requested discovery is relevant to her Title VII gender discrimination and retaliation claims. *See id.* On July 17, 2017, the USCP filed an Opposition asserting that Ms. Breiterman's requested discovery was overly broad and unduly burdensome. *See generally* Def.'s Opp'n to Pl.'s Mot. to Compel ("Def.'s Opp'n"), ECF No. 30. Ms.

3

Breiterman filed her Reply on July 26, 2017, reasserting the relevance of her discovery requests, noting that she had narrowed her requests, and contending that the requests were not unduly burdensome. *See generally* Pl.'s Reply in Support of Mot. to Compel ("Pl.'s Reply"), ECF No. 33. On August 15, 2017, the undersigned held a Motions Hearing, heard argument regarding the Motion to Compel, and took the Motion under advisement. *See* 8/15/2017 Minute Entry.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26 allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Under Federal Rule of Civil Procedure 37, a party seeking discovery through an interrogatory under Rule 33, the production of documents under Rule 34, or a deposition under Rule 30, and who believes that the opposing party has failed to meet its obligations under the relevant Rules, may — after conferring in good faith with the opposing party — seek to compel a response. *See* FED. R. CIV. P. 37(a)(1), 37(a)(3)(B)(i), (iii)–(iv).

"The Federal Rules of Civil Procedure encourage the exchange of information through broad discovery." *In re England*, 375 F.3d 1169, 1177 (D.C. Cir. 2004); *see also Pederson v. Preston*, 250 F.R.D. 61, 63–64 (D.D.C. 2008). A party may serve written interrogatories or requests for production provided such requests fall within the scope of Rule 26(b). FED. R. CIV. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)"); FED. R. CIV. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)"). Likewise, testimony responsive to deposition topics that fall within the scope of Rule 26(b) may be compelled. *See Cobell v. Norton*, 213 F.R.D. 16, 23 (D.D.C. 2003) (quoting 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2286 (2d ed. 1994)) ("A motion to compel a witness to answer questions put

4

at a deposition should be granted if the questions are relevant and proper and denied if the questions call for privileged information." (internal quotation marks omitted)).

## DISCUSSION

The parties' discovery dispute primarily concerns the relevance of the information requested in Interrogatories 12 and 14, Request for Production 23, and 30(b)(6) Deposition Topic 15, and the breadth of those discovery requests. The Court will consider Interrogatory 12, Request for Production 23, and Deposition Topic 15 together as they seek substantially similar information and testimony, and will then evaluate the dispute regarding Interrogatory 14.

**I.     INTERROGATORY 12, REQUEST FOR PRODUCTION 23, AND DEPOSITION TOPIC 15**

**A.     Interrogatory 12 and Request For Production 23**

Interrogatory 12 and Request for Production 23 seek information and documents regarding complaints involving other USCP employees. Ms. Breiterman has proposed to revise and narrow those discovery requests as follows:

|  | Original Request | Proposed Revision |
|---|---|---|
| **Interrogatory 12** | Describe each and every formal and informal complaint that the USCP or USCP's EEO office received regarding discrimination, misconduct, protected disclosures, retaliation and/or free speech in the last five (5) years. For each instance, provide the following: a) Identify the complaining individuals; b) Identify the individuals complained of; c) Describe the precise events complained of; d) Describe USCP's investigation and response to the complaints.[4] | Describe each and every complaint that the USCP initiated or received, and any related investigation, during the last five years which involved alleged violations of the following categories and sub-categories of USCP Directive #2053.013 Rules of Conduct, including the resolution of the complaint and any discipline imposed by the USCP as a result of the complaint. |

---

[4]  Pl.'s Mot. to Compel, Ex. B at 13–14, ECF No. 27-3.

|  | **Original Request** | **Proposed Revision** |
|---|---|---|
| **Request for Production 23** | Any documents related to any formal or informal complaints of discrimination, misconduct, retaliation for protected conduct and violations of free speech, and any USCP reports or investigations regarding such complaints within the last five (5) years, whether substantiated or unsubstantiated, that any employee made to USCP, or any administrative or judicial body, either orally or in writing, about USCP or employees of USCP.[5] | Any documents related to any complaints that the USCP initiated or received, and any related investigations, during the last five years which involved alleged violations of the following categories and sub-categories of USCP Directive #2053.013 Rules of Conduct, including the resolution of the complaint and any discipline imposed by the USCP as a result of the complaint. |

Pl.'s Mot. to Compel at 3–4, ECF No. 27-1; Def.'s Opp'n at 7–9. The proposed revisions limit the requested information to complaints involving alleged violations of 29 sub-categories of USCP Directive #2053.013 — Rules of Conduct. *See id.* Ms. Breiterman states that her requests are designed "to obtain discovery from comparators referenced in the complaint and also to determine if more comparators exist." Pl.'s Mot. to Compel at 8, ECF No. 27-1.

The USCP has agreed to provide responses to only nine of the 29 sub-categories. *See id.* at 4; Def.'s Opp'n at 9–10.[6] The following chart outlines the categories and sub-categories encompassed in the revised requests; the sub-categories for which the USCP has agreed to provide responses are marked with asterisks:

---

[5] Pl.'s Mot. to Compel, Ex. A at 15, ECF No. 27-2.
[6] Although the USCP asserts that it objects to "nineteen of the twenty-eight subcategories," Def.'s Opp'n at 12, the Court's review of the relevant filings indicates that there are 29 sub-categories, 20 of which are disputed. *See id.* at 8–9; Pl.'s Mot. to Compel at 4, ECF No. 27-1.

**USCP Directive #2053.013 Rules of Conduct – Categories and Sub-Categories**

| Category A – Duty to Obey | Category C – Detrimental Conduct |
|---|---|
| Rule A2: Conformance to Laws | *Rule C1: Conduct Unbecoming |
| *Rule A3: Compliance with Directives | *Rule C2: Discrimination and/or Harassment |
| Rule A6: Insubordination | Rule C3: Possession and/or Use of Drugs or a Controlled Substance |
| Rule A7: Truthfulness | Rule C4: Use of Alcohol |
| **Category B – Performance of Duty** | Rule C7: Improper Associations |
| Rule B1: Unsatisfactory Performance | *Rule C10: Improper Remarks |
| Rule B2: Personal Appearance | *Rule C11: Retaliation |
| Rule B3: Absence from Duty | **Category E – Miscellaneous** |
| Rule B4: Reporting for Duty | Rule E1: Abuse of Process |
| Rule B5: Carrying of Credentials and Identification | *Rule E2: Improper Intervention |
| Rule B6: Malingering | *Rule E4: Dissemination of Information |
| Rule B7: Duty Post | *Rule E5: Public Statements |
| Rule B9: Courtesy | *Rule E6: Public Appearances |
| Rule B10: Neglect of Duty | Rule E7: Testimonials |
| Rule B11: Use of Property and Services, and Inspection of Equipment and Facilities | |
| Rule B13: Use of Force | |
| Rule B14: Use of Weapons | |

Pl.'s Mot. to Compel at 4, ECF No. 27-1; Def.'s Opp'n at 8–9. The USCP contends that discovery regarding the remaining sub-categories would be "overly broad, unduly burdensome," and not relevant to any party's claim or defense. Def.'s Opp'n at 10. Ms. Breiterman counters that the information requested has a "direct bearing" on and is therefore relevant to her claims, and is narrowly tailored to yield facts regarding her allegation that "many other officers, every day, commit violations of USCP rules and the vast majority of those violations go uninvestigated and unpunished." Pl.'s Reply at 3–4 (internal quotation marks omitted).

"[C]onsiderations of both relevance and proportionality . . . govern the scope of discovery" allowed under Rule 26. *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016). Specifically, a party may "take discovery 'regarding any nonprivileged matter

7

that is relevant to any party's claim or defense and proportional to the needs of the case.'"[7] FED. R. CIV. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *United States ex rel. Shamesh*, 314 F.R.D. at 8 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)) (internal quotation marks omitted). However, the court must limit the extent of discovery that is, *inter alia*, unreasonably cumulative or duplicative, outside the permitted scope of Rule 26(b)(1), or obtainable from another source that is more convenient, less burdensome, or less expensive. *See* FED. R. CIV. P. 26(b)(2)(C).

Where a relevance objection has been raised, the moving party seeking to compel discovery "must demonstrate that the information sought to be compelled is discoverable." *Meijer, Inc. v. Warner Chilcott Holdings Co., III*, 245 F.R.D. 26, 30 (D.D.C. 2007); *see also Felder v. Wash. Metro. Area Transit Auth.*, 153 F. Supp. 3d 221, 224 (D.D.C. 2015). Once that showing has been made, "the burden shifts to the non-moving party 'to explain why discovery should not be permitted.'" *Felder*, 153 F. Supp. 3d at 224 (quoting *Jewish War Veterans of the U.S., Inc. v. Gates*, 506 F. Supp. 2d 30, 42 (D.D.C. 2007)); *see also United States v. All Assets Held at Bank Julius Baer & Co.*, 202 F. Supp. 3d 1, 6 (D.D.C. 2016).

Ms. Breiterman contends that the contested discovery requests will facilitate the development of comparator evidence in support of her gender discrimination claim. *See* Pl.'s

---

[7] Courts weigh six factors to evaluate the proportionality of a discovery request: "(1) the importance of the issues at stake in this action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit." *Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, No. 11-CV-1049 (PLF/GMH), 2017 WL 4011136, at *3 (D.D.C. Sept. 11, 2017) (quoting *Williams v. BASF Catalysts, LLC*, No. 11-1754, 2017 WL 3317295, at *4 (D.N.J. Aug. 3, 2017) (citing FED. R. CIV. P. 26(b)(1)) (internal quotation marks omitted).

Mot. to Compel at 7–9, ECF No. 27-1. Generally, in Title VII actions, comparators must be "similarly situated" such that "all of the relevant aspects of [the plaintiff's] employment situation were 'nearly identical' to those of the male" employee. *Holbrook v. Reno*, 196 F.3d 255, 261 (D.C. Cir. 1999) (quoting *Neuren v. Adduci, Mastriani, Meeks, & Schill*, 43 F.3d 1507, 1514 (D.C. Cir. 1995)) (internal quotation marks omitted). To be similarly situated for purposes of comparing disciplinary actions or other actions taken to redress misconduct, Ms. Breiterman and the comparator employee must have been "charged with offenses of comparable seriousness." *Id.* (internal quotation marks and citation omitted); *see also Wheeler v. Georgetown Univ. Hosp.*, 812 F.3d 1109, 1115–16 (D.C. Cir. 2016). "Factors that bear on whether someone is an appropriate comparator include the similarity of the plaintiff's and the putative comparator's job and job duties, whether they were disciplined by the same supervisor, and, in cases involving discipline, the similarity of their offenses." *Wheeler*, 812 F.3d at 1116 (quoting *Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 301 (D.C. Cir. 2015)) (internal quotation marks omitted); *see also Huckstep v. Wash. Metro. Area Transit Auth.*, 216 F. Supp. 3d 69, 78 (D.D.C. 2016).

Only one of the contested sub-categories — "Rule B9: Courtesy" — has a sufficient nexus to Ms. Breiterman's alleged disciplinary infractions to bring complaints arising under that category within the scope of discovery. *See* Pl.'s Mot. to Compel, Ex. D at 5, ECF No. 27-5. Ms. Breiterman challenges her suspension and demotion, which were based on alleged violations of "Rule C10 – Improper Remarks" and "Rule C1 – Conduct Unbecoming." Def.'s Opp'n at 3.[8] The Rules of Conduct define "Conduct Unbecoming" to "include that which brings the Department into disrepute or reflects discredit upon the employee as a member of the

---

[8] The USCP has agreed to produce records pertaining to complaints involving those two Rules of Conduct. *See* Pl.'s Mot. to Compel at 4, ECF No. 27-1; Def.'s Opp'n at 9.

9

Department; impairs the operation or efficiency of the Department or the employee; and is prejudicial to the reputation and good order of the Department." Pl.'s Mot. to Compel, Ex. D at 6. "Rule C10: Improper Remarks" directs employees to refrain from making "malicious, harassing, untruthful, or frivolous remarks or rumors against, or about, other members of the Department or individuals in the workplace." *Id.* at 7.

Ms. Breiterman's alleged infractions arise from her statement that female officers "had to sleep with someone to get promoted," Second Am. Compl. ¶¶ 30–33, and her decision to give a journalist a photograph of a handgun found in a public bathroom, *id.* ¶¶ 57–58, 69–76. "Rule B9: Courtesy" requires employees to "be polite, courteous and respectful to all persons," and to "be tactful, friendly, helpful and understanding in the performance of their assigned duties . . . [and] exercise the utmost patience and discretion." Pl.'s Mot. to Compel, Ex. D at 5. Notwithstanding its focus on the performance of duty, the Courtesy rule overlaps with the proscription against Improper Remarks, as it would be impolite and disrespectful to make the types of remarks that Rule C10 prohibits. Therefore, complaints involving violations of the Courtesy rule are relevant to Ms. Breiterman's claims, because they could shed light on how the USCP has responded to similar disciplinary infractions by other officers.

Ms. Breiterman has not proven the relevance of records concerning the remaining 19 disputed sub-categories of the Rules of Conduct. Those categories are too far removed from Ms. Breiterman's alleged misconduct to "yield information that would permit the plaintiff to argue the dissimilar treatment of the two situations is evidence of discrimination." *Waters v. U.S. Capitol Police Bd.*, 216 F.R.D. 153, 158 (D.D.C. 2003); *see also United States ex rel. Shamesh*, 314 F.R.D. at 8. Ms. Breiterman's broad assertion that "many male officers commit violations of USCP policy and many of those violations go uninvestigated or unpunished, or are resolved by

10

lesser discipline than that received by female officers," is insufficient to establish the relevance and discoverability of these disputed categories. Pl.'s Mot. to Compel at 7, ECF No. 27-1; *see also* Pl.'s Reply at 1–3, 4–5. Although evidence of other complaints might be relevant for purposes other than identifying comparators, that is the only potential basis of relevance that Ms. Breiterman has proffered. Discovery, while broad, is not limitless, and the Court will not authorize a fishing expedition into the disciplinary actions taken against other USCP employees. *See Pederson*, 250 F.R.D. at 65–66 (quoting *Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983)) ("Courts need not tolerate fishing expeditions, discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests." (internal quotation marks omitted)).

Therefore, with respect to Interrogatory 12 and Request for Production 23, as revised by Ms. Breiterman, the Court compels only the additional production of information regarding sub-category, "Rule B9: Courtesy." Paired with the information that the USCP has voluntarily agreed to produce, this limited supplemental discovery will provide Ms. Breiterman with relevant information that is neither overly broad nor disproportional to the claims at issue.

**B.     30(b)(6) Deposition Topic 15**

Ms. Breiterman also seeks to compel the USCP to provide a witness to testify in response to Topic 15 of her April 10, 2017 Rule 30(b)(6) Deposition Notice. *See* Pl.'s Mot. to Compel at 1, ECF No. 27 and Ex. C, ECF No. 27-4. Ms. Breiterman's Topic 15 seeks testimony regarding:

> Any formal or informal complaints of discrimination, misconduct, retaliation for protected conduct and violations of free speech, and any USCP reports or investigations regarding such complaints within the last five (5) years, whether substantiated or unsubstantiated, that any employee made to USCP, or any administrative or judicial body, either orally or in writing, about USCP or employees of USCP.

Pl.'s Mot. to Compel at 5, ECF No. 27-1 and Ex. C at 6.  As Ms. Breiterman notes, the testimony sought in Topic 15 overlaps with the topics contested in Interrogatory 12 and Request for Production 23.  *Id.* at 4, ECF No. 27-1; *compare id.* at 5, ECF No. 27-1 (Topic 15) *with* Pl.'s Mot. to Compel, Ex. A at 15, ECF No. 27-2 (Request for Production 23).

As drafted, Topic 15 is too broad because it requests testimony regarding all complaints of discrimination, misconduct, retaliation, and violations of free speech within the last five years. Ms. Breiterman seeks this testimony to identify potential comparators.[9]  *See* Pl.'s Mot. to Compel at 7, ECF No. 27-1.  But to be useful as comparator evidence, the prior complaints must involve misconduct similar to, or of comparable seriousness as, Ms. Breiterman's alleged misconduct.  *See Wheeler*, 812 F.3d at 1116.  Although Ms. Breiterman narrowed the scope of Interrogatory 12 and Request for Production 23 to target only complaints involving the 29 sub-categories of the Rules of Conduct that she deemed similar in nature or severity to her alleged disciplinary infractions, she has not proposed to narrow Deposition Topic 15 in a similar way.

Rule 26 permits the Court to modify the scope of discovery requests to bring them into compliance with Rule 26(b)(1).  *See* FED. R. CIV. P. 26(b)(2)(C)(iii) (requiring this Court "[o]n motion or on its own" to "limit the . . . extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).").  The USCP has asked the Court to do so, if the Court does not fully uphold the USCP's objection.  *See* Def.'s Opp'n at 2 (requesting that the Court "tailor Plaintiff's requests such that they would be reasonably calculated to lead to the identification of comparators as to

---

[9] Information regarding past complaints of retaliation and discrimination might also be used to assess whether the supervisors involved in Ms. Breiterman's disciplinary actions had a history of retaliation or gender discrimination.  However, Ms. Breiterman does not claim to seek the information for that purpose.

12

Plaintiff's gender discrimination claim."). The USCP's agreement to provide interrogatory responses and produce documents regarding nine of the Rules of Conduct effectively concedes that Rule 26 permits discovery regarding those topics. The Court has determined that complaints concerning a tenth disciplinary rule, "B9: Courtesy," also are relevant to Ms. Brieterman's claims. *See supra* Part I.A. Accordingly, the Court will modify the scope of Topic 15 to encompass only the ten sub-categories of the Disciplinary Rules that will be addressed in the responses to Interrogatory 12 and Request for Production 23. Thus in response to Deposition Topic 15, the USCP shall, within 21 days of the issuance of this Memorandum Opinion, produce a witness to testify regarding complaints within the past five years involving the following sections of USCP Directive #2053.013 Rules of Conduct: "Rule A3: Compliance with Directives"; "Rule B9: Courtesy"; "Rule C1: Conduct Unbecoming"; "Rule C2: Discrimination and/or Harassment"; "Rule C10: Improper Remarks"; "Rule C11: Retaliation"; "Rule E2: Improper Intervention"; "Rule E4: Dissemination of Information"; "Rule E5: Public Statements"; and "Rule E6: Public Appearances."

## II. INTERROGATORY 14

Ms. Breiterman also seeks to compel a response to Interrogatory 14, which asks the USCP to "[i]dentify all USCP employees who, in the past five (5) years, have been discharged for discrimination, misconduct, protected disclosures, retaliation and/or free speech, including the specific reasons for each employee's discharge, the individuals responsible for making the discharge decision, and the employee's gender." Pl.'s Mot. to Compel, Ex. B at 15–16, ECF No. 27-3. The USCP objects to this request, arguing that it exceeds the scope of permissible discovery. Def.'s Opp'n at 13–14. Ms. Breiterman asserts that this information is relevant, "as it relates to the manner in which USCP treats other employees who have engaged in misconduct or

13

legally protected activity," and would show that the USCP has "repeatedly failed to treat its employees fairly and consistent with anti-discrimination laws." Pl.'s Mot. to Compel at 9, ECF No. 27-1.

Ms. Breiterman has not carried her burden of establishing the relevance of the information requested in Interrogatory 14. Ms. Breiterman was demoted and suspended for two days, but Interrogatory 14 seeks information regarding employees who were *discharged*, i.e., terminated from the USCP. Thus Ms. Breiterman seeks information about employees who were disciplined more *harshly* than she was. This request is not tailored to identify comparators, as comparator evidence would "suggest[] that the employer treated other employees of a different race, color, religion, sex, or national origin *more favorably* in the same factual circumstances." *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 495 (D.C. Cir. 2008) (emphasis added); *see also White v. Tapella*, 876 F. Supp. 2d 58, 69 (D.D.C. 2012) ("A plaintiff can also raise an inference of intentional discrimination sufficient to defeat summary judgment by showing that he was similarly situated to an employee who was not a member of the protected class and that the plaintiff was treated more harshly than the similarly situated employee."). Although Interrogatory 14 might yield information concerning past findings of gender discrimination or retaliation against the individuals who decided to discipline Ms. Breiterman (if the USCP discharged a decision-maker on that basis), it casts too wide a net to capture that information. For example, as drafted, it would require the USCP to disclose information about an employee discharged for engaging in types of discrimination that are not at issue in Ms. Brieterman's complaint.

Ms. Breiterman speculates that discovery responsive to Interrogatory 14 would reveal a pattern of inconsistency in applying disciplinary rules or a culture of inequitable discipline. *See*

Pl.'s Mot. to Compel at 9, ECF No. 27-1; Pl.'s Reply at 4–6. In Title VII cases, "an individual plaintiff may introduce evidence of systematic or general discrimination when developing her individual discrimination claims within the *McDonnell Douglas* framework."[10] *Marcus*, 813 F. Supp. 2d at 20–21 (noting that a plaintiff may "bring proof of a pattern or practice of discrimination"). But although Interrogatory 14 might yield information that could be used to establish a history of discrimination, it is too broad. It would encompass types of discrimination or retaliation that are not at issue in this case, and complaints involving employees who are not similarly situated to Ms. Breiterman.

Further, Ms. Breiterman can obtain information about a history of discrimination or retaliation through less burdensome means. Ms. Breiterman has requested information about prior disciplinary actions in other discovery requests, including Interrogatory 12 and Request for Production 23. The USCP's responses to those requests should provide Ms. Breiterman with the historic information necessary to place her discrimination and retaliation claims in context with prior USCP disciplinary decisions. In sum, Interrogatory 14 is not sufficiently linked to the type of misconduct or alleged discrimination at issue in this case to be relevant and proportional, and

---

[10] Statistics regarding past discriminatory acts may also be introduced as circumstantial evidence of a discriminatory intent in support of a pattern or practice claim of discrimination. *See Palmer v. Shultz*, 815 F.2d 84, 90–91 (D.C. Cir. 1987); *Davis v. Dist. of Columbia*, 949 F. Supp. 2d 1, 8–10 (D.D.C. 2013). However, several "rulings from members of this court and elsewhere have unanimously affirmed the proposition that an individual plaintiff may not bring a standalone 'pattern or practice' claim outside the context of a class action." *Marcus v. Geithner*, 813 F. Supp. 2d 11, 20 (D.D.C. 2011); *see also Major v. Plumbers Local Union No. 5 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipe-Fitting Indus. of U.S. & Canada, AFL-CIO*, 370 F. Supp. 2d 118, 127 (D.D.C. 2005) (noting that "courts in this Circuit have expressed doubt that an individual can even bring a pattern and practice claim").

producing the requested information would unduly burden the USCP.  The Court therefore denies the Motion to Compel as it relates to Interrogatory 14.

## **CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS-IN-PART and DENIES-IN-PART Plaintiff's Motion to Compel.  A separate Order will accompany this Memorandum Opinion.


Dated:   January 16, 2018

ROBIN M. MERIWEATHER  
UNITED STATES MAGISTRATE JUDGE