UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JODI BREITERMAN,<br><br>       *Plaintiff*,<br><br>v.<br><br>UNITED STATES CAPITOL POLICE,<br><br>       *Defendant*. | Civil Action No. 16-893 (TJK) |

## MEMORANDUM OPINION

Jodi Breiterman sued her employer, the U.S. Capitol Police, for discrimination and retaliation. The Court granted summary judgment for her employer, and the Circuit affirmed. The Capitol Police seek an award of costs related to eleven depositions taken in the litigation, and Breiterman opposes as to six of the eleven. For the reasons explained below, the Court will award costs to the Capitol Police for all eleven depositions.

## I.  Background

In May 2016, Breiterman sued the Capitol Police, alleging that her employer unlawfully discriminated and retaliated against her.[1] ECF Nos. 1, 17. The Capitol Police moved for summary judgment. ECF No. 65. The Court granted the motion and entered judgment on all counts for the Capitol Police. ECF No. 83. The Capitol Police then filed a Bill of Costs seeking to recover $8,720.32 related eleven depositions of ten deponents: those of Chad Thomas ($613.72), Matthew Verderosa ($702.51), Thomas DiBiase (two depositions) ($1,239.30), Jodi Breiterman ($2,456.30), Mark Shutters ($1,222.30), Jeffrey Pickett ($432.03), Sean Gallagher ($375.07),

---

[1] The Court assumes familiarity with facts of the case, as stated in its Memorandum Opinion. *See* ECF No. 84.

Kimberlie Bolinger ($903.10), Donald Rouiller ($488.89), and Richard Edelman ($287.10). ECF No. 85.  Breiterman opposed and sought a reduction of $3,690.49 for the costs associated with six of the eleven: those of Shutters, Pickett, Gallagher, Bolinger, Rouiller, and Edelman.  ECF No. 88 at 3.  The Court stayed its consideration of the Bill of Costs pending Breiterman's appeal of the case.  *See* Minute Order of December 4, 2020.  The Circuit affirmed, and the Bill of Costs is now ripe for consideration.  ECF No. 91.

## II.     Legal Standard

The Federal Rules of Civil Procedure dictate that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Recoverable costs include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  The Local Rules also specify that the prevailing party is entitled to the costs "of the original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other party, if the deposition was used on the record, at a hearing or trial."  LCvR 54.1(d)(6).

When evaluating a bill of costs, courts consider whether depositions were "'reasonably necessary for the litigation,' which is 'determined as of the time' the costs were incurred."  *United States v. Halliburton Co.*, 954 F.3d 307, 313 (D.C. Cir. 2020) (quoting *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295 (6th Cir. 2015)); *see Long v. Howard Univ.*, 561 F. Supp. 2d 85, 98 (D.D.C. 2008) ("The determination of necessity under section 1920(2) 'must be made in light of the facts known at the time of the deposition, without regard to intervening developments that render the deposition unneeded for further use.'") (quoting *Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003)).

There is "a strong presumption favoring cost awards to prevailing litigants," because the

"small and predictable costs of court fees, printing costs, and court reporters' fees have customarily been viewed as necessary and reasonable incidents of litigation, properly reimbursable to the victors." *Baez v. U.S. Dep't of Just.*, 684 F.2d 999, 1002–03 (D.C. Cir. 1982) (en banc) (per curiam). For this reason, "the prevailing party is normally entitled to costs in the district court as a matter of course." *Id.* at 1004.  Thus, "a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Id.*; *see also Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1314–15 (D.C. Cir. 1981) ("[R]ule 54(d) comprises two elements: (1) a heavy presumption favoring an award of costs to the prevailing party, and (2) a measure of clerical and judicial discretion to order 'otherwise.'").

**III.    Analysis**

The Court will award the Capitol Police costs as to all eleven depositions, including the six disputed by Breiterman.  The Capitol Police cited five of the six—those of Shutters, Pickett, Gallagher, Bolinger, and Rouiller—in its statement of undisputed material facts in support of its motion for summary judgment. *See, e.g.*, ECF No. 65-2 ¶¶ 20, 63, 69, 79, 90, 142.  That alone likely makes those five depositions "reasonably necessary for the litigation." *See OAO Alfa Bank v. Ctr. for Pub. Integrity,* No. 00-cv-2208 (JDB), 2006 WL 1313309, at *4 (May 12, 2006) (awarding costs where depositions were "relied upon" in summary judgment briefing).  Moreover, the Capitol Police also attached excerpts from those depositions to its statement of undisputed material facts. *See* ECF No. 65-5 at 91–137 (Shutters); ECF No. 65-6 at 55–73 (Pickett); 75–81 (Gallagher), 83–123 (Bollinger); 48–53 (Rouiller).  Thus, those five depositions were "used on the record," and the Local Rules dictate that associated costs should be awarded. *See* LCvR 54.1(d)(6); *Youssef v. FBI*, 762 F. Supp. 2d 76, 87 (D.D.C. 2011) (awarding costs under Local Rule 54.1(d)(6) for depositions "used by Defendants in their briefs at summary judgment").

The sixth disputed deposition—that of Breiterman's expert Edelman—was also reasonably necessary for the litigation. True, the Capitol Police did not cite Edelman's deposition in its summary judgment filings. But that is not "singularly determinative" in evaluating whether the associated costs are taxable. *Sykes v. Napolitano*, 755 F. Supp. 2d 118, 121 (D.D.C. 2010) (rejecting the argument that deposition costs were not taxable because the depositions were "barely cited" in prevailing party's summary judgment motion); *see Johnson v. Holway*, 522 F. Supp. 2d 12, 18-19 (D.D.C. 2007) (awarding costs for deposition not cited in summary judgment motion). Courts have found that deposing an opposing party's expert witness—even if the deposition in not cited in summary judgment briefing—is reasonably necessary to "prepare the motion for summary judgment which ultimately ended the case." *Sun Ship*, 655 F.2d at 1318 n.49; *see Mann v. Wash. Metro. Area Transit Auth.*, 185 F. Supp. 3d 189, 193–94 (D.D.C. 2016) (awarding deposition costs of opposing party's expert witness, even though the party did not cite the deposition in summary judgment briefing). So too here.

Breiterman argues that she should not be taxed the costs of the six disputed depositions for two reasons, but neither is persuasive. First, she contends that the depositions "were not referenced in the motion for summary judgment." ECF No. 88 at 3. But as to five of them, she is just wrong; the motion references the Capitol Police's statement of undisputed material facts, which contains citations to each. And again, the Capitol Police also attached excerpts from each to its statement of undisputed material facts. *See OAO Alfa Bank*, 2006 WL 1313309, at *4 (awarding costs for depositions relied on in "declarations submitted in support of summary judgment briefs"). Further, that the Capitol Police did not cite the deposition of Breiterman's expert is not dispositive, *see Sykes*, 755 F. Supp. 2d at 121, because that deposition was otherwise reasonably necessary for the Capitol Police to prepare its motion for summary judgment.

4

Second, Breiterman argues that the Court should decline to tax her these costs because she brought the case in good faith and a disparity exists between the parties' resources. *See* ECF No. 88 at 3. But her good faith alone is not enough to alter the calculus. *See Sykes*, 755 F. Supp. 2d at 121 ("[T]he fact that [Plaintiff] proceeded in good faith does not reduce Defendant's right to an award of costs."); *Long*, 561 F. Supp. 2d at 97 (rejecting the argument that a defendant's costs should not be taxed because the plaintiff brought claim in good faith); *Mann*, 185 F. Supp. 3d at 193 (same). And although Breiterman cites two cases in which courts considered a litigant's inability to pay, she does not assert that she cannot do so here.[2] *See* ECF No. 88 at 3. She represents only that she is a "single employee who opted to take on the financial burden of attempting to hold her employer accountable." *Id.* In the end, that representation alone is not enough to reduce the costs owed to the Capitol Police. *See Johnson*, 522 F. Supp. 2d at 17 ("[U]nsubstantiated assertions of financial hardship . . . are an insufficient basis on which to deny costs.").

## IV.  Conclusion

For all these reasons, the Court will award the Capitol Police costs associated with the transcripts and accompanying exhibits for the depositions of Thomas, Verderosa, DiBiase, Breiterman, Shutters, Pickett, Gallagher, Bolinger, Rouiller, and Edelman, for a total sum of $8,720.32. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 16, 2022

---

[2] One of these cases is a not a federal case; thus, it does not purport to construe the same rules applicable here. *See* ECF No. 88 at 3 (citing *Harris v. Sears Roebuck & Co.*, 695 A.2d 108 (D.C. 1997)).